COGSWELL *v.* CITY OF ESCANABA.

MUNICIPAL CORPORATIONS—BILLS AND NOTES—VOTING MACHINES.

Defendant city purchased certain voting machines pursuant to Act No. 217, Pub. Acts 1905 (1 How. Stat. [2d Ed.] §§ 421-425), and issued a certificate of indebtedness, after using the voting machines at an election and finding that they were satisfactory. Interest was paid on the certificate to the assignee or indorsee and the voting machines were retained without objection by the city and used at two elections, and it appeared from the record that the vendor supplied a carton or box to place inside the booth, as required by subsequent statutory enactment. No official action was shown by the city as a basis of defense. *Held,* that the holder of the certificate of indebtedness was entitled to recover, notwithstanding the claim that the issuance of the certificate of indebtedness increased the municipal debt beyond the lawful maximum.

Error to Delta; Flannigan, J. Submitted January 27, 1913. (Docket No. 103.) Decided July 9, 1913.

Assumpsit by Edwin H. Cogswell against the city of Escanaba for an installment of interest upon a certificate of indebtedness. Judgment for plaintiff

upon a verdict directed by the court. Defendant brings error. Affirmed.

*A. H. Ryall* and *F. D. Mead,* for appellant.

*H. J. Rushton* and *Fellows & Chandler,* for appellee.

MOORE, J. This suit was brought to recover an installment of $98 interest on a certificate of indebtedness for the sum of $2,450, delivered to the Abbott Voting Machine Company by the defendant on the 23d day of April, 1907. This certificate was issued in payment of the purchase price of voting machines, pursuant to Act No. 217, Pub. Acts 1905 (1 How. Stat. [2d Ed.] §§ 421-425). The defendant in this suit pleaded the general issue and gave notice, among other things, that the consideration of the contract for the purchase of said voting mtchines, upon which this certificate was issued, had failed because said voting machines were not reliable and did not permit a secret ballot in all cases as required by law; that they were unreliable and untrustworthy; that Act No. 217 of the Public Acts of 1905, under which the contract was made and entered, was unconstitutional; that the plaintiff was not an innocent purchaser of said contract before maturity and was not a bona fide owner of said contract; that the contract was invalid and could not be recovered upon because the indebtedness of the city of Escanaba was thereby increased beyond the statutory limit and because said contract was made in violation of the charter of the city of Escanaba, being chapter 88, 1 Comp. Laws, and the amendments thereto; that no appropriation was made, by ordinance or otherwise, of the amount necessary to pay said certificate in the month of September, 1906, or at any other time.

After the testimony was all in the plaintiff moved for a directed verdict for these reasons:

(1) That the certificate of indebtedness was a negotiable instrument under the negotiable instrument act, and that the plaintiff having acquired the same before it was due, for value, was the holder thereof in due course and entitled to recover.

(2) It appearing that the certificate was complete and regular upon its face and that the plaintiff, without notice of any infirmity, if there was any, acquired the same before it was due and before its having been dishonored, and for value acquired the same in good faith, and is therefore the holder in due course and entitled to recover the amount due on said certificate.

The trial judge was of the opinion that the case was on all fours with the case of *Darling* v. *City of Manistee,* 166 Mich. 35 (131 N. W. 450), and directed a verdict in favor of the plaintiff. The case is brought here by writ of error.

Considerable space is devoted in the briefs to a discussion of the negotiable instrument law, so called. Discussion is also given to the provisions of Act No. 287, Pub. Acts 1907, and the construction thereof. We do not deem it necessary to discuss whether the instrument sued upon is governed by the negotiable instrument act or not. Nor do we need to discuss the provisions of Act No. 287, Pub. Acts 1907, as that act was not approved until June 27, 1907, while the transaction in the case at bar was entered into April 23, 1907.

There are certain features of the case about which there is no dispute. At the April election, 1907, the city of Escanaba used the Abbott voting machines. Following this election the city issued the bond or certificate sued upon. The city on that date placed an order for seven Abbott voting machines, which order was accepted. The following language occurs in the order:

"Upon the following conditions, and not otherwise: That the Abbott Voting Machine Company guarantee

each Abbott voting machine to be of perfect material and workmanship; that each machine will, at all elections, keep an absolutely correct record of a vote from each voter voting at the election, and that the number of votes as to each office being voted for shall exactly equal the number of voters as shown by the total register on the machine to have voted; that said company will keep said machines in repair and replace or repair any part or parts which may require repairing or replacing on such machines for a period of ten years from this date without charge to the city of Escanaba; said Abbott Voting Machine Company having furnished competent instructors at the first election, April 1, 1907, without charge to the city of Escanaba.

"The machines having complied with the above-mentioned conditions at the election held April 1, 1907, the city of Escanaba hereby agrees to issue and deliver to the said Abbott Voting Machine Company, its certificate of indebtedness for the sum of three hundred and fifty dollars for each voting machine, and payable at the time above specified."

The record shows that on May 18, 1907, the plaintiff loaned the Abbott Voting Machine Company $2,000, taking its note therefor and the certificate sued upon, duly indorsed as collateral security.

Counsel for the appellee make this statement in their brief which is borne out by the record:

"It should be further stated that the city of Escanaba retained said machines, never raising any complaint, issued the bond (or certificate of indebtedness, by whatever name it may be called) sued upon; that the execution of said bond is admitted by the pleadings; that said bond was hypothecated to the plaintiff for a loan of $2,000 on the 18th of May, 1907; that one year's interest was paid to him; that the city continued to use the voting machines for two elections after the passage of the act of 1907, after the decision in the *Helme Case,* and after the repeal of the unconstitutional provision in the act of 1907, and after the carton or box had been furnished to place on the inside of the curtain pursuant to the act of the special session of 1907. In fact, that no protest or claim of

defense was ever made by the defendant city, acting officially."

We think the trial judge was quite right in holding that *Darling* v. *City of Manistee, supra,* was controlling.

Judgment is affirmed.

STEERE, C. J., and MCALVAY, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.